UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCSICO DOMINGO TORRES CRUZ, | No. 1:26-cv-04690-DAD-SCR |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS HAVING BEEN RENDERED MOOT |
| CHRISTOPHER CHESTNUT, | |
| Respondent. | (Doc. Nos. 1, 2, 7) |

On June 18, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On June 24, 2026, the assigned magistrate judge issued a scheduling order requiring respondent to show cause why the writ should not be granted by filing an answer or response within seven days. (Doc. No. 5 at 1.) On June 30, 2026, respondent filed a response to the order to show cause. (Doc. No. 6.) On July 13, 2026, petitioner filed what the court construes as a motion for preliminary injunction, requesting injunctive relief and an expedited review of his *habeas* petition. (Doc. No. 7.) In light of the

1

completion of briefing in this matter, and in the interests of judicial economy, the court hereby retains this matter and revokes the prior referral to the assigned magistrate judge pursuant to Local Rule 302(d).

In their response to the petition and order to show cause, respondent argues that petitioner is subject to detention pursuant to 8 U.S.C. § 1231(a)(6) because he is unlikely to comply with removal and has refused to cooperate with his removal from the United States. (Doc. No. 6 at 2–5.) Respondent explains that ICE has been attempting to remove petitioner to Mexico but that petitioner has not cooperated. (*Id.* at 2.) Notably, it does not appear that petitioner has been ordered removed to Mexico. Rather, petitioner was apparently ordered removed to Cuba on March 14, 2002, and released from immigration custody on an order of supervision on June 25, 2002, after the "then-Immigration and Nationality Service determined there was no significant likelihood of removal to Cuba."[1] (Doc. No. 6-3 at¶ 5–6.) Petitioner was then re-detained by immigration authorities on October 21, 2025. (*Id.* at ¶ 7.)

The court incorporates and adopts the reasoning set forth in its decision in *Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), (E.D. Cal. July 7, 2016), where it explained that respondent's argument that it may extend petitioner's detention to effect removal because he has declined to cooperate with his removal to a third-country to which he has not been ordered

---

[1] Respondent's opposition attempts to obfuscate the most relevant fact, which is that petitioner was ordered removed to Cuba, not Mexico. Respondent does not explicitly state in the body of its response that petitioner was ordered removed to Cuba and instead relies on the court to search through the attached 55 pages of exhibits to find that Deportation Officer Rivera declares that petitioner was ordered removed to Cuba. (Doc. No. 6-3 at ¶ 5; *see also* Doc. No. 6-1 at 2.) In addition, respondent vaguely states twice that petitioner was ordered removed and has refused to cooperate with removal to Mexico without clarifying that petitioner has not been ordered removed to Mexico. (*See* Doc. No. 6 at 2, 5.) While respondent states that petitioner is a citizen of Cuba (*id.* at 2), this alone does not clarify respondent's statements because immigrants may be ordered removed to their country of origin or an alternative country. Finally, respondent failed to provide the court with petitioner's removal order from 2002, despite the magistrate judge's order that "Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application." (Doc. No. 5 at 1.) The court presumes in this instance that such conduct is a result of the heavy caseload brought about by the deluge of *habeas* petitions filed by ICE detainees in this district, but counsel for respondent is cautioned that continuing to engage in such conduct that wastes the court's time may lead the undersigned to conclude otherwise in the future.

removed is frivolous.  The court further adopts its reasoning set forth in *Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC (HC), 2025 WL 2791778, at *4–5 (E.D. Cal. Aug. 20, 2025) and *Ruiz-Acosta v. Central Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and concludes that respondents have not demonstrated changed circumstances regarding the likelihood of petitioner's removal in the reasonably foreseeable future as is required to justify revocation of petitioner's release and his detention.  Accordingly, the court will grant the pending petition.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.      Respondent is ORDERED to immediately release petitioner Francsico Domingo Torres Cruz, A-File No. 073-224-931, from respondent's custody on the conditions, if any, he was subject to prior to his detention on October 21, 2025;

    b.      Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.      Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3.      Petitioner's motion for preliminary injunction (Doc. No. 7) is DENIED as having been rendered moot by this order granting *habeas* relief;

4.      The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **July 16, 2026**                      _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3